IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VICKIE A. SNIPES,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     1:11CV1137
                                     )
ALAMANCE COUNTY CLERK OF             )
COURTS, et al.,                      )
                                     )
          Defendants.                )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on (1) the Motion of Defendant LexisNexis Risk Data Retrieval Services LLC ("LexisNexis") to Dismiss All Claims Asserted against It in the Complaint (Docket Entry 24); (2) Defendant Equifax Information Services LLC's ("Equifax's") Motion to Dismiss Plaintiff's Complaint (Docket Entry 26); and (3) the Motion to Dismiss on Behalf of Defendant the Alamance County Clerk of Courts (Docket Entry 31). For the reasons that follow, the instant Motions should be granted and the claims against Defendant Experian Information Solutions, Inc. ("Experian") should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### BACKGROUND

This case began when Plaintiff (or someone using her name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP

Application") (Docket Entry 1).[1] The Complaint describes this action as one "for damages brought by an individual consumer against the named [D]efendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., as amended, (hereinafter referred to as the 'FCRA')." (Docket Entry 2, ¶ 1.) In addition to two claims under the FCRA, the Complaint also asserts a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and various state-law claims. (See id., ¶¶ 38-61.)

As support for those claims, the Complaint alleges that an unspecified Defendant is "currently reporting" on Plaintiff's "credit reports with all three consumer reporting agencies" that she "incurred" a notice of a federal tax lien with the Alamance County Clerk of Courts "even though they [sic] have been notified that this account was an erroneous filing and has been released." (Id., ¶ 9.) The Complaint further asserts that, "[o]n or about January, 2010, Plaintiff sent dispute letters to Defendants LexisNexis, Experian, Equifax, and Trans Union which included appropriate personal identification, and which stated that [she] had previously contacted [them] on multiple occasions and notified them of this [allegedly erroneous tax lien]." (Id., ¶ 10.)[2]

---

[1] The Court (per United States Magistrate Judge P. Trevor Sharp) granted the IFP Application. (Docket Entry 4.)

[2] In addition to the Alamance County Clerk of Courts, Experian, Equifax, and LexisNexis, the Complaint named TransUnion, LLC as a Defendant. (See Docket Entry 2, ¶ 6.) Plaintiff and
(continued...)

-2-

According to the Complaint, "[D]efendants were contacted by the credit reporting agencies and requested to update account information as requested by [] Plaintiff" (id., ¶ 11) and "Defendants Trans Union, Experian, and Equifax received these dispute letters shortly thereafter and allegedly verified their accuracy and thus continued to report the inaccurate items on the consumer credit report" (id., ¶ 12). Finally, the Complaint alleges that "Defendants Equifax, Trans Union and Experian also obtained trade line or account information from Defendants Alamance [County Clerk of Court] and LexisNexis but have no internal procedures to check and compare the consistency of the data obtained from these two means" (id., ¶ 16) and "all the credit reporting agency defendants, Equifax, Trans Union and Experian, have been specifically requested per 15 U.S.C. §1681i(a)(6) and (7) to provide a description of the procedure used to determine the accuracy and completeness including the business name, address, and telephone number but have failed to comply" (id., ¶ 17).

LexisNexis, Equifax, and the Alamance County Clerk of Courts each moved for dismissal. (Docket Entries 24, 26, 31.) Plaintiff filed mirrored Responses to each of those Motions (Docket Entries 37, 38, 39) and, additionally, filed a fourth Response (Docket Entry 40), purportedly responding to a motion to dismiss filed by

---

[2](...continued)
TransUnion subsequently filed a Stipulation of Dismissal with Prejudice. (Docket Entry 36.)

Experian (see id. at 1), despite the fact that Experian filed no such motion (see Docket Entries dated Dec. 27, 2011, to present). Those Responses reference affidavits by defense counsel and by Plaintiff despite the absence of any such affidavits on the Docket (see Docket Entry 37, ¶¶ 7, 19(a); Docket Entry 38, ¶¶ 7, 19(a); Docket Entry 39, ¶¶ 7, 19(a); Docket Entry 40, ¶¶ 6, 18(a); see also Docket Entries dated Dec. 27, 2011, to present), and confuse the standards for pleading sufficiency and summary judgment (see generally Docket Entries 37, 38, 39, 40).

Upon further review, the undersigned Magistrate Judge noticed that those Responses match responses filed by nominally different pro se plaintiffs in both a previously and a subsequently filed action. (Compare Docket Entries 37, 38, 39, 40, with Nowlin v. Avis Budget Grp., No. 1:11CV511, Docket Entry 15, and Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 15.) Indeed, the Responses in the instant action retain references to Avis Budget Group - the defendant in the previously filed action - although Avis Budget Group has no connection to the instant action. (See Docket Entry 37, ¶ 19(a); Docket Entry 38, ¶ 19(a); Docket Entry 39, ¶ 19(a); Docket Entry 40, ¶ 18(a).)

Moreover, the undersigned Magistrate Judge observed that the signatures on Plaintiff's IFP Application and Complaint feature a printed version of Plaintiff's name in the signature block (rather than a traditional signature). (See Docket Entry 1 at 3; Docket

Entry 2 at 17.)  Further, the printing and "signatures" on these materials bear significant, distinctive similarities to printing and/or "signatures" on other applications, complaints, motions, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i."  (Compare, e.g., Docket Entry 1 at 1-3 and Docket Entry 2 at 17, with Wiggins, No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Servs., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; and James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

A review of the complaints in those cases also revealed a number of other unusual similarities both of form and substance, including that most (like Plaintiff's Complaint) set forth two sections for FCRA violations, followed by a section entitled "15 U.S.C 1681b. Permissible purposes of consumer reports . . ." and include matching sections asserting an FDCPA claim, as well as sections entitled "Reckless and Wanton Conduct," "Invasion of

Privacy," "Defamation," "Intentional Misrepresentation," and "Intentional Infliction of Emotional Distress." (Compare Docket Entry 2, with Wiggins, No. 1:12CV451, Docket Entry 2; Ferguson, No. 1:12CV493, Docket Entry 2; Shamberger, No. 1:12CV876, Docket Entry 2; Durham, No. 1:12CV957, Docket Entry 2; Grant, No. 1:12CV958, Docket Entry 2; Ferguson, No. 1:12CV1023, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)

Given the foregoing circumstances, the undersigned Magistrate Judge set this case for a hearing on the pending Motions. (See Docket Entry 44.) The Notice regarding that hearing included the following warning in bold type: "NOTE: Failure to appear for this proceeding may result in a [sic] case dispositive sanctions." (Id. at 1.) Moreover, the Clerk's Office confirmed with Plaintiff that she received the Notice prior to the hearing date. (See Docket Entry dated June 10, 2013.) Despite this cautionary language and Plaintiff's acknowledgment of receipt, Plaintiff did not appear as directed. (See Docket Entry dated June 24, 2013.)

## DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In this case, Plaintiff disobeyed the Court's Order to appear at a hearing on the

-6-

Case 1:11-cv-01137-WO-LPA Document 45 Filed 09/10/13 Page 6 of 12

pending Motions. (See Docket Entry dated June 24, 2013.) This failure warrants dismissal under Federal Rule of Civil Procedure 41(b). In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Rule 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff (or whoever improperly filed this case in her name) bears sole responsibility for the instant non-compliance, the conduct (and inaction) at issue prejudiced Defendants by delaying the litigation unduly (and thus depriving Defendants of the opportunity to defend against this apparent sham lawsuit while memories remained freshest and before pertinent records might be lost), the record reflects a pattern of dilatory conduct by Plaintiff (or whoever improperly filed this case in her name) in that she filed multiple documents with no connection to this case, and no other sanction appears feasible or sufficient.

As to that last point, the Court specifically warned Plaintiff that her failure to appear as directed may result in case dispositive sanctions. (See Docket Entry 44 at 1.) "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal.

-7-

Case 1:11-cv-01137-WO-LPA Document 45 Filed 09/10/13 Page 7 of 12

Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

Furthermore, the Complaint fails to state a claim in that it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In this regard, the undersigned Magistrate Judge notes that the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[3]

---

[3] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

In this case, after setting forth the vague allegations recounted in the Background section, the Complaint offers entirely conclusory allegations under headings entitled (1) "Violations of the FCRA - 15 U.S.C. S1681 et sea. [sic], as amended, by Defendants Experian, Trans Union and Equifax"; (2) "Violations of the FCRA - 15 U.S.C. S.1681s-2f by ALL Defendants"; (3) "15 U.S.C 1681b. Permissible purposes of consumer reports . . ."; (4) "Violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 by Defendant"; (5) "Reckless and Wanton Conduct"; (6) "Invasion of Privacy"; (7) "Defamation"; (8) "Intentional Misrepresentation"; and (9) "Intentional Infliction of Emotional Distress" (id., ¶¶ 23-61). The failure to specify which Defendant allegedly took what action(s) renders these claims deficient. See Davis v. Bowens, No. 1:11CV691, 2012 WL 2999766, at *3 (M.D.N.C. July 23, 2012) (finding claim deficient where the complaint did not distinguish between the defendants); Bryant v. Wells Fargo Bank, Nat'l Ass'n, 861 F. Supp. 2d 646, 660 (E.D.N.C. 2012) (observing that "Plaintiffs' pleading of their RESPA claims against 'Defendants' generally . . . makes it difficult to ascertain what specific provision of RESPA the [] [d]efendants are alleged to have violated" in contravention of notice requirements of Federal Rule of Civil Procedure 8(a)); Bentley v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1374–75 (S.D. Fla. 2011) (dismissing claim "for improperly lumping together [the defendants] such that [the defendants] do not have fair notice of

the precise nature of the violation that is claimed against them"); Melgrito v. CitiMortgage Inc., No. C11-01765LB, 2011 WL 2197534, at *6 (N.D. Cal. June 6, 2011) (unpublished) ("[G]rouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice. . . .").

Moreover, the minimal factual matter included in the Complaint do not sufficiently support any asserted claim.[4] For example, although the Complaint declares in conclusory fashion that Defendants qualify as debt collectors under the FDCPA, the factual allegations conflict with that contention. In addition, the Complaint contains insufficient information regarding Defendants' or Plaintiff's conduct to establish "Intentional Infliction of Emotional Distress" (which requires "extreme and outrageous conduct," Denning-Boyles v. WCES, Inc., 123 N.C. App. 409, 412, 473 S.E.2d 38, 40 (1996) (internal quotation marks omitted)), "Intentional Misrepresentation" (which requires a "knowing or reckless" misrepresentation and reliance by Plaintiff, Vigus v. Milton A. Latta & Sons Dairy Farms, Inc., No. COA08-700, 197 N.C. App. 233 (table), 676 S.E.2d 669 (table), 2009 WL 1383342, at *13 (2009) (unpublished)), "Invasion of Privacy" (which requires appropriation of Plaintiff's name or likeness, intrusion into

---

[4] If Plaintiff had appeared at the scheduled hearing, the undersigned Magistrate Judge would have attempted to determine whether Plaintiff possessed additional factual information that warranted an opportunity to amend; however, because Plaintiff failed to appear, she has forfeited any such consideration.

Plaintiff's seclusion or private affairs, public disclosure of private facts, or publicly placing Plaintiff in a false light in the public eye, see Tillet v. Onslow Mem'l Hosp., Inc.,    N.C. App.   ,   , 715 S.E.2d 538, 540 (2011)), or "Defamation" (which requires a false statement and injury to Plaintiff's reputation, see Boyce & Isley, PLLC v. Cooper, 211 N.C. App. 469, 478, 710 S.E.2d 309, 317 (2011)).  Finally, to the extent Plaintiff's FCRA claims focus on the insufficiency of an investigation into the tax lien at issue conducted by one or more of the Defendants in January 2010 (see id., ¶¶ 23-35), Plaintiff attached to her Complaint a Certificate of Release of Federal Tax Lien indicating that the Internal Revenue Service did not release said lien until November 2010 (see Docket Entry 2-1).[5]

Indeed, LexisNexis, Equifax, and the Alamance County Clerk of Courts all highlighted the deficiencies of Plaintiff's pleading (see Docket Entry 25 at 1-2, 5-10; Docket Entry 27 at 2, 5-7; Docket Entry 32 at 2, 4-5) and Plaintiff, rather than address those contentions, filed Responses - apparently recycled from a different action - that reference non-existent affidavits and improperly argue about Defendants' lack of evidence (see Docket Entries 37, 38, 39, 40).  Under these circumstances, the Court should conclude

---

[5] On a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court may properly consider "documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

-11-

that the Complaint fails to state a claim. This determination not only warrants granting the instant Motions filed by the Alamance County Clerk of Courts, Equifax, and LexisNexis, but also supports dismissal of the claims against Experian. See 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of any case brought by a plaintiff proceeding IFP, if the court concludes that the complaint fails to state a claim).

## CONCLUSION

Plaintiff failed to comply with an order of the Court despite an explicit warning that non-compliance could result in case dispositive sanctions. Moreover, the Complaint, which appears to represent part of a pattern of sham litigation, fails to state a claim.

**IT IS THEREFORE RECOMMENDED** that LexisNexis's, Equifax's, and the Alamance County Clerk of Courts's Motions to Dismiss (Docket Entries 24, 26, 31) be granted, that the claims against Experian be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that this action be dismissed.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
September 10, 2013